# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CLINTON LEE POORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20-cv-00667-AKK-JHE |
| ) | |
| KRISTOPHER BRANTLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On May 14, 2021, the magistrate judge entered a report and recommendation that the plaintiff's claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. Doc. 8. The magistrate judge advised the plaintiff of his right to file specific written objections within 14 days. Doc. 8 at 11-12. On June 1, 2021, the court received the plaintiff's timely objections. Doc. 9.

In his complaint, the plaintiff alleges the defendants coerced him to confess to crimes in violation of his constitutional rights. Docs. 1 at 15; 6 at 2. He now asserts that his June 13, 2016 confession did not cause him any immediate injury, but rather the harm occurred when the State played the video-taped confession during his February 2019 trial. Doc. 9 at 1-2. His objections focus on whether the dismissal of this action is required by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The plaintiff explains he is currently challenging his state court criminal conviction based upon use of that coerced confession through a state court Rule 32 petition.  Doc. 9 at 2.  Although the plaintiff recognizes that, under *Heck* he cannot challenge the constitutionality of his conviction in a civil rights action without a favorable termination of his pending Rule 32 action, he expresses concern that the dismissal of this civil rights action will cause any future action based on the purportedly coerced confession to be barred by the statute of limitations.  *Id.* at 1-3.  However, the statutory time to pursue a civil rights action based on the use of an allegedly coerced confession at trial does not begin to run unless and until "the criminal proceedings against him terminate[] in his favor."  *McDonough v. Smith*, __ U.S. __, 139 S. Ct. 2149, 2159 (2019).  Thus, if the plaintiff succeeds in having his criminal conviction overturned in state court, only then does the statute of limitations begin to run on his claim for the use of his confession in state court.  Dismissal of this action as premature does not change that result.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court finds the objections are due to be **OVERRULED**.  The magistrate judge's report is due to be **ADOPTED** and the recommendation is **ACCEPTED**.  The court shall **DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

**DONE** the 2nd day of June, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE